UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TAMMY ANDREWS,

Plaintiff,

v.

STATE OF IDAHO, DEPARTMENT OF PARKS AND RECREATION,

Defendant.

Case No. 1:25-cv-00041-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Defendant State of Idaho, Department of Parks and Recreation's motion to amend the scheduling order (Dkt. 22). For the reasons stated below, the Court will grant the motion to the extent that it seeks modification of the existing deadlines. Because the amendments to the schedule depend in part upon the disposition of the Department's pending motion to compel a Rule 35 mental examination (Dkt. 25), the Court will vacate the affected deadlines and set new deadlines after resolving that motion.

## BACKGROUND

Plaintiff Tammy Andrews filed her Complaint in January of 2025. She

alleges that the Department violated Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act, I.C. §§ 67-5901-12. Andrews pled that she "has suffered and will continue to suffer loss of earnings, benefits, and job opportunities, as well as emotional distress consisting of outrage, shock, and humiliation." Dkt. 1 ¶¶ 45, 52.

Andrews served her Rule 26(a)(1) initial disclosures upon the Department in February 2026. She estimated that her emotional distress damages totaled between $250,000 and $500,000. Dkt. 26-2 at 6.

The Department of Parks and Recreation propounded written discovery upon Andrews on April 6, 2026. Dkt. 23-2 ¶ 7. The Department granted Andrews an extension until May 15, 2026, to answer. *Id*. Andrews, however, did not do so until June 2, 2026. *Id*. Andrews' responses did not indicate that she had an expert to testify as to her emotional distress claims. Dkt. 23-2 ¶¶ 8-9; *see also* Dkt. 26-3 at 4, 23.

On June 23, 2026, the day of her deadline to do so, Andrews disclosed Dr. Aaron Harris as an expert witness. Dkt. 26-4. This was the first time that the Department learned of Dr. Harris. Dkt. 23-2 ¶ 11. "During the week of July 6th," the Department retained Dr. Camille LaCroix to conduct an evaluation and draft a report. *Id*. at ¶ 13. Dr. LaCroix required eight weeks to do so. *Id*.

On July 2, 2026, shortly prior to retaining Dr. LaCroix, counsel for the Department requested a thirty-day extension to its July 23, 2026 expert disclosure deadline. Dkt. 26-6 at 12-13. A week after this request, an additional wrinkle in the discovery process surfaced.

Andrews had been seeing Carolyn Jones, a counselor, for weekly sessions. *See* Dkt. 26-1 ¶ 6. She had identified Jones as a potential witness in her initial disclosure back in February 2026. Dkt. 26-2 at 4. Even further back, in November 2025, Andrews had signed a release form authorizing Jones to provide her records to Andrews' counsel. Dkt. 26-5. Jones provided those records in December 2025. Dkt. 26-1 ¶ 8. The records Jones provided did not include weekly session records. *Id*. Andrews' counsel did not identify Jones as an expert witness, because, as she explained, the "counseling sessions appeared to be poorly documented." *Id*. at ¶ 6.

On July 10, 2026, counsel for both parties received an email from an attorney representing Jones. Dkt. 26-8. The Department had subpoenaed Jones for a deposition set for July 17, 2026, and she had evidently retained counsel. Dkt. 26-7. Jones' counsel reported that she did in fact possess weekly session records that had not been produced. Dkt. 26-8. Her counsel provided both parties with the records on July 13, 2026. Dkt. 26-9. These records were comprised of approximately 200 pages of notes from weekly counseling sessions. Dkt. 26-

1 ¶ 12.

Also on July 9, 2026, counsel for Andrews and the Department continued to discuss extending expert deadlines. Andrews' counsel had indicated that a thirty-day extension would be too long, as it would put the Department's disclosure deadline beyond the rebuttal witness and fact discovery deadlines. Dkt. 6-6 at 10. The Department's counsel floated moving the deadline back to August 10, 2026, but followed up the next day and stated that proposed deadline was not feasible because:

> [e]very expert we have consulted has advised that they cannot complete the necessary records review, conduct any required evaluation, and prepare a reliable rebuttal report within that time frame.
> Additionally, we still do not have all of the records necessary for our expert's review, including Carolyn Jones' counseling records. Our experts have consistently indicated that they need a complete record before they can formulate and support their opinions.

*Id*. at 8.

Andrews' counsel responded on July 14, 2026, stating that an extension to August 10, 2026, was too far, because it put Andrews' rebuttal expert deadline on the same day as the close of discovery. Dkt. 26-6 at 6. Counsel suggested August 3, 2026, a ten day extension. *Id*. Counsel for the Department proposed the following revision to the schedule:

| **Deadline** | **Current** | **Proposed** |
|---|---|---|
| Defendant Expert Disclosure | July 23 | August 21 |
| Plaintiff Rebuttal Expert | July 30 | August 28 |
| Discovery Cutoff | August 17 | September 18 |
| Dispositive Motions | September 14 | October 16 |

*Id*. at 5-6. Andrews' counsel countered with the following:

| **Deadline** | **Current** | **Proposed** |
|---|---|---|
| Plaintiff's Supplemental Expert Report | | July 31 |
| Defendant Expert Disclosure | July 23 | August 7 |
| Plaintiff Rebuttal Expert | July 30 | August 14 |
| Discovery Cutoff | August 17 | September 4 |
| Dispositive Motions | September 14 | October 2 |

*Id*. at 4.

On July 16, 2026, the Department's counsel responded, stating that "we believe [Jones'] records have identified additional areas of inquiry that will likely require another round of written discovery. We have also retained an expert, who has advised that a Rule 35 mental examination will likely be necessary." Counsel inquired whether Andrews would stipulate to an examination and proposed:

| **Deadline** | **Proposed** |
|---|---|
| Plaintiff's Supplemental Expert Report | August 28, 2026 |
| Defendant Expert Disclosure | September 10, 2026 |
| Plaintiff Rebuttal Expert | September 24, 2026 |
| ADR Deadline | September 25, 2026 |
| Discovery Cutoff | October 22, 2026 |
| Dispositive Motions | November 19, 2026 |

*Id*. at 3.

Andrews' counsel proposed providing the "raw data from Dr. Harris for the testing he did[,]" rather than agreeing to a Rule 35 examination. *Id*. at 2. The Department's counsel stated that "we are certainly willing to consider [using the raw testing data alone]. If however, our expert determines that an IME is necessary to formulate reliable rebuttal opinions, we would like to preserve sufficient time within the scheduling order to address that issue without compressing the remaining expert deadlines." *Id*. at 1.

On July 22, 2026, the day before its disclosure deadline, the Department moved to amend the scheduling order. On July 23, 2026, the Department disclosed two expert witnesses, a forensic economist and a vocational rehabilitation counselor and certified life planner. Dkt. 26-13. On August 12, 2026, the Department would also move for the Court to order Andrews to undergo a Rule 35 examination. Dkt. 25.

## LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) The Court may modify the

schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. (citations omitted). The focus of the inquiry is the moving party's reasons for seeking modification, though the Court may also consider any prejudice to the party in opposition. *Id*. If the moving party was not diligent, the inquiry should end. *Id*.

## ANALYSIS

While the Department arguably should have anticipated that an expert may have been necessary after receiving Andrews' complaint alleging emotional distress, as well as Andrews' initial disclosure valuing her emotional damages at a minimum of $250,000, the Court does not find that the Department failed to act diligently.

In her June 2, 2026 responses to the Department's interrogatories, Andrews stated that "she has not yet retained any person to offer expert testimony at trial, therefore she has not provided any documents or other items to any expert witnesses or anyone working on her behalf." Dkt. 26-3 at 4. Similarly, in her responses to the Department's requests for production, Andrews stated that "she has not [determined] who she may call as an expert [witness] at this time and therefore has no responsive documents . . . . [Andrews] will disclose expert information, if any, in accordance with the Court's scheduling order and applicable

rules of civil procedure." *Id*. at 23.

These responses represented that Andrews, as of June 2, 2026, had not retained an expert to testify at trial (however, Andrews did not represent that she would not disclose an expert by her deadline to do so).[1] Andrews disclosed Dr. Harris three weeks later. The Department's counsel proactively contacted their counterparts on July 2, 2026, nine days after Dr. Harris' disclosure and three weeks before its own deadline, to explore extending the deadlines. Additionally, after speaking to multiple potential experts, the Department retained Dr. LaCroix within approximately two weeks of Andrews' disclosure of Dr. Harris.

The unexpected revelation and production of Jones' weekly session records on July 10, 2026, and July 13, 2026, respectively, provides additional good cause. The belated production of documents by Jones, through no fault of either party, created a significant disruption to the prospective timelines. Even if Dr. LaCroix had been retained earlier, the timing of Jones' release of additional records would likely have necessitated adjusting deadlines so that both parties' experts could fully examine and incorporate those records into their reports.

---

[1] The Department alleges that Dr. Harris' report indicated that he was in fact retained prior to Andrews' discovery responses. However, the Department does not provide when Dr. Harris was retained. For the purposes of this motion, the Court's consideration is only that the Department did not know of Dr. Harris at the time Andrews responded to their discovery packet.

Accordingly, the Court finds good cause to amend the scheduling order. However, the Court will not set amended dates at this time. The Department's pending motion seeking to compel a Rule 35 examination of Andrews materially impacts the amount of time necessary for her to complete a report, as well as other dates downstream of her disclosure. The Court therefore vacates the deadlines for and will establish a revised schedule upon the resolution of the Department's Rule 35 motion.[2]

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Amend Scheduling Order (Dkt. 22) is **GRANTED IN PART**.

2. The deadlines for Plaintiff's supplemental expert disclosure, Defendant's remaining expert disclosure, Plaintiff's rebuttal witness disclosure, alternative dispute resolution, and dispositive motions are **VACATED** and will be reset by separate order.

---

[2] The fact that the Court finds good cause to amend the scheduling order so the Department can disclose Dr. LaCroix (as well as providing Dr. Harris the opportunity to supplement his report) does not have any bearing on its forthcoming decision on the Department's motion for a Rule 35 examination.

DATED: September 4, 2026

B. Lynn Winmill
U.S. District Court Judge